# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
      )
      )      **Crim. ID No. 1406020386**
      )
v.      )
      )      **Cr. A. Nos. IN 14-07-0530, etc.**
      )
**BERNARD ELLERBE,**      )
      )
      Defendant.      )

Submitted: August 11, 2017
Decided: September 26, 2017

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 26th day of September, 2017, upon consideration of the Defendant Bernard Ellerbe's ("Ellerbe") Motion for Postconviction Relief (D.I. 65) and the record in this matter, it appears to the Court that:

(1)    On June 25, 2014, Task Force Officer Mark Grajewski, Task Force Officer Michael Cornbrooks, and Special Agent Dave Hughes met in a Ruby Tuesday restaurant's parking lot, located at 928 Bear Corbitt Road, Bear, Delaware, to discuss a surveillance operation.[1] Unrelated to their operation, the officers noticed a white car, occupied by two individuals, pull into the parking lot. Moments later a black Chevy Malibu entered into the parking lot, circled around as if looking for

---

[1]    Jan. 29, 2015 Tr. Test. at 57–59.

someone, then pulled directly next to the white car.[2] Each car's driver's window was rolled down and the drivers engaged in a hand-to-hand exchange.[3] The white car drove away, while police observed the black car's driver – later identified as the Defendant, Ellerbe – counting money.[4] At that point, officers suspected a drug transaction had occurred and decided to stop the black car for further investigation.[5] The officers, each in their own unmarked vehicle, followed Ellerbe's car out of the parking lot.[6]

(2)     Officer Cornbrooks initiated his emergency lights and Ellerbe pulled over onto the road's shoulder.[7] But as soon as Officer Cornbrooks approached the car, Ellerbe sped away.[8]

(3)     Ellerbe then led police on a high speed chase that ultimately resulted in him losing control of his car and striking a tree.[9] Officers removed Ellerbe, who was not seriously injured, and found a ripped bag containing twenty bundles, or 260

---

[2]     *Id.* at 61–63.

[3]     *Id.* at 63.

[4]     *Id.* at 64.

[5]     *Id.* at 64–65.

[6]     *Id.*

[7]     *Id.* at 67, 99.

[8]     *Id.* at 100.

[9]     *Id.* at 108–115.

individual bags, of heroin on his lap.[10] Ellerbe also had approximately $12,000 in cash in his pocket.[11]

(4) Ellerbe was indicted by a grand jury on eleven charges related to drug possession and police evasion. A two-day jury trial was held in this Court in January 2015. Michael C. Heyden, Esquire ("Heyden") represented Ellerbe throughout the trial. The jury found Ellerbe guilty of Drug Dealing, Aggravated Possession, Reckless Endangering in the First Degree (Two Counts), Disregarding a Police Officer's Signal, Possession of Drug Paraphernalia, and Reckless Driving.[12] After a pre-sentence investigation was prepared, the Court sentenced Ellerbe to eighteen years of imprisonment followed by diminishing levels of partial confinement and probationary supervision.[13]

---

[10]    *Id.* at 116–117.

[11]    *Id.*

[12]    *See* DEL. CODE ANN. tit. 16, § 4752(2) (2014) (drug dealing), *id.* at § 4752(4) (aggravated possession), *id.* at tit. 11 § 604 (reckless endangering in the first degree, two counts), *id.* at tit. 21, § 4103(b) (disregarding a police officer's signal), *id.* at tit. 16 § 4771 (possession of drug paraphernalia), and *id.* at tit. 21 § 4175(a) (reckless driving).

On the first day of trial, the State entered a *nolle prosequi* on five additional charges brought in the June 26, 2014 indictment. *See* Def.'s Mot. at 2 n. 7 (charges included DEL. CODE ANN. tit. 11 § 811 (criminal mischief), *id.* at tit. 16, § 4763(a) (illegal possession of a controlled substance), *id.* at tit. 21, § 4172A (malicious mischief by motor vehicle), *id.* at tit. 21, § 2118 (failure to have insurance identification in possession), and *id.* at § 4168(a) (unreasonable speed)).

[13]    Sentencing Order, *State v. Bernard Ellerbe*, ID Nos. 1406020386 and 1306016966 (Del. Super. Ct. June 3, 2015).

(5)     Heyden filed a timely Notice of Appeal to the Delaware Supreme Court on Ellerbe's behalf, but it was voluntarily dismissed in June 2016,[14] so that Ellerbe's new attorney, Patrick J. Collins, Esquire, could file his appeal.[15] In September 2015, Ellerbe voluntarily dismissed that appeal.

(6)     Ellerbe then filed his first Motion for Postconviction Relief (the "First Motion") in June 2016, alleging ineffective assistance of counsel and seeking vacatur of his conviction and a new trial.[16]

(7)     The Court denied the First Motion in August 2016.[17] And the Delaware Supreme Court affirmed this Court's decision earlier this year.[18]

(8)     Ellerbe filed this second Motion for Postconviction Relief (the "Second Motion") several months later. He says he is entitled to postconviction relief for any one of six reasons: (i) the State did not have a reasonable, articulable suspicion for the traffic stop that culminated in his arrest; (ii) the police's pat-down search of Ellerbe and seizure of $12,000 dollars from his pants amounted to an unconstitutional search and seizure; (iii) expert testimony from a forensic chemist

---

[14]     Not. of Dismissal, *Ellerbe v. State*, No. 324, 2015 (June 26, 2015).

[15]     Not. of Appeal, *Bernard Ellerbe v. State*, No. 330, 2015 (Del. filed June 25, 2015).

[16]     *State v. Ellerbe*, 2016 WL 4119863 (Del. Super. Ct. Aug. 2, 2016).

[17]     *Id.*

[18]     *Ellerbe v. State*, 161 A.3d 674 (Del. 2017).

-4-

was not based on specialized knowledge; (iv) expert testimony from the forensic chemist on the weight of the heroin seized from Ellerbe was flawed; (v) testimony regarding accident reconstruction was flawed; and (vi) because the testimony from the forensic chemist on the weight of the heroin was flawed, Ellerbe was illegally convicted of drug dealing and aggravated possession without proof of quantity.

(9) The Court has engaged in the preliminary consideration of Ellerbe's application required under Superior Court Criminal Rule 61(d). The Court finds that, consistent with Rules 61(i)(2) and (d)(5), his should be **SUMMARILY DISMISSED** because it is an unexcused successive motion.

(10) When considering applications for postconviction relief under its criminal rules, this Court addresses any applicable procedural bars before turning to the merits.[19] This policy protects the integrity of the Court's rules and the finality of its judgments. Addressing the merits of a case that does not meet procedural requirements effectively renders our procedural rules meaningless.[20]

---

[19] *See, e.g., Ayers v. State*, 802 A.2d 278, 281 (Del. 2002). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

[20] *See State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Ct. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002) (citing *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. Ct. Dec. 28, 1995)) (same).

(11) Ellerbe's motion for postconviction relief is controlled by the limitation on successive motions found in Rule 61(i)(2).[21]

(12) Ellerbe posits that Criminal Rule 61's procedural bars to successive claims are inapplicable to the Second Motion. But he cites to a previously repealed version of the salient Rule 61 provisions to support his argument. That iteration stated that Criminal Rule 61's procedural bars were inapplicable to "colorable claims that there has been a miscarriage of justice because of a constitutional violation[.]"[22] This Court's criminal rules were amended on June 4, 2014, to omit that provision. Now, Rule 61 reads: "[B]ars to relief . . . shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[23]

(13) Criminal Rule 61(d)(2) provides that:

> [a] second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after trial and the motion either:
>
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

---

[21]     Superior Court Criminal Rule 61(i)(2) states in relevant part: "Successive motions.--(i) No second or subsequent motion is permitted under this Rule..."

[22]     Super. Ct. R. Crim. P. 61(i)(5) (2013).

[23]     Super. Ct. R. Crim. P. 61(i)(5) (2017).

(ii) pleads with particularity that a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[24]

(14) Ellerbe does not claim that this Court lacked jurisdiction,[25] that "new evidence exists that creates a strong inference" of actual innocence,[26] or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction . . . invalid."[27] Instead, Ellerbe complains of alleged miscarriages of justice grounded in evidence presented at trial or then-extant constitutional law. As such, this second Rule 61 motion is procedurally barred by Criminal Rules 61(d)(2) and (i)(2).[28]

---

[24] Super. Ct. R. Crim. P. 61(d).

[25] Del. Super. Ct. Crim. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision [i] shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[26] Del. Super. Ct. Crim. R. 61(d)(2)(i). *See also id.* at (i)(5).

[27] *Id.* at (d)(2)(ii). *See also id.* at (i)(5).

[28] The Court must apply the current Rule 61 provisions to all "postconviction motions filed on or after" June 4, 2014. *See* Order Amending Rule 61 of the Superior Court Rules of Criminal Procedure (Del. Super. Ct. June 4, 2014). ("This amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."); *see also Jones v. State,* 2015 WL 6746873, at *1 n.4 (Del. Nov. 4, 2015) (noting that the "the new Rule 61 applies to all 'postconviction motions filed on or after' June 4, 2014").

(15) Having engaged in the preliminary consideration of his motion required under Rule 61(d), the Court finds that "it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that [Ellerbe] is not entitled to relief."[29] Accordingly, Ellerbe's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**SO ORDERED this 26th day of September, 2017.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  Mark A. Denney, Jr., Deputy Attorney General
    Patrick J. Collins, Esquire
    Mr. Bernard Ellerbe

---

[29]  Del. Super. Ct. Crim. R. 61 (d)(5) ("Summary dismissal. If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").